**Buddy Joe CONLEY, Petitioner–Appellant,**

v.

**Margarette T. GHEE, Respondent–Appellee.**

**No. 01–3368.**

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

*ORDER*

Buddy Joe Conley, an Ohio prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Conley is currently serving a 30 to 50 year sentence for rape, kidnapping, and robbery. In April of 1998, after a hearing before the Ohio Adult Parole Authority, Conley was denied parole. On October 14, 1999, Conley filed the instant petition for a writ of habeas corpus asserting the following claim for relief:

> Ground one: Denial of Due Process and Equal Protection and the Ex Post Facto Application of Parole Guidelines to the prejudice of Petitioner.

The supporting memorandum set forth at least three specific bases for this claim: 1) the parole board erroneously believed that the weapon involved in the offense was a handgun rather than a knife; 2) the parole board erroneously believed that petitioner had had a prior probation or parole knife; 2) the parole board erroneously believed that petitioner had had a prior probation or parole revoked; and 3) the parole board erroneously applied new guidelines to his case that were not in effect when he was sentenced.

The matter was referred to a magistrate judge who recommended that the petition be denied. Specifically, the magistrate judge held that in this circuit, an inmate in petitioner's position has no liberty interest in parole. The magistrate judge also held that the Ohio parole guideline used in this case to postpone petitioner's parole is a guideline only, and not a law, and is therefore not subject to the Ex Post Facto Clause. The district court adopted the magistrate judge's report and recommendation over Conley's objections. The court also granted Conley a certificate of appealability on the ground raised in Conley's habeas petition.

This court reviews a district court's disposition of a habeas corpus petition de novo. *See Harris v. Stovall,* 212 F.3d 940, 941 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001). The district court properly dis-

missed Conley's habeas petition for the reasons stated by the magistrate judge, as adopted by the district court.

Accordingly, motion for counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.