Rickie Lee HUNT, Plaintiff–Appellant,

v.

Reginald WILKINSON, et al., Defendants–Appellees.

No. 03–3748.

United States Court of Appeals, Sixth Circuit.

Nov. 4, 2003.

Rickie Lee Hunt, Marion, OH, pro se.

Before BATCHELDER and COLE, Circuit Judges; and HOOD, District Judge.*

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## ORDER

Rickie Lee Hunt, an Ohio state prisoner, appeals pro se a district court order dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive relief, Hunt filed a complaint against the director of the Ohio Department of Rehabilitation and Correction and the chairman of the parole board. Hunt alleged that new parole regulations were being applied to him in violation of the Ex Post Facto Clause. Hunt is serving sentences of life, seven to twenty-five, seven to twenty-five and two to five years, consecutive, arising out of his 1980 convictions of aggravated murder, aggravated robbery, kidnapping, and possession of a firearm under a disability, respectively. He had his first parole hearing in 2000, with parole being denied and the next hearing scheduled for 2010. Hunt complained that, under the regulations in effect at the time of his conviction, he would have been entitled to a second hearing after five years following the first denial of parole, and annually thereafter. Under the new regulations, the second hearing need not be scheduled for ten years. Furthermore, the new regulations provide that prisoners serving life sentences will not be assigned projected release dates.

The district court screened the complaint and dismissed it for failure to state a claim, pursuant to 28 U.S.C. § 1915(e). This appeal followed. This court reviews de novo the dismissal of a complaint pursuant to § 1915(e). *Dotson v. Wilkinson,* 329 F.3d 463, 466 (6th Cir.2003). Review of this complaint reveals that it was properly dismissed for failure to state a claim.

The Supreme Court has held that an ex post facto violation may be established with regard to parole regulations where the prisoner demonstrates a significant risk of increased punishment for his crime beyond that prescribed when he committed it. *Garner v. Jones,* 529 U.S. 244, 251, 255–56, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000). Hunt was sentenced, as noted above, to life in prison, consecutive to other terms of imprisonment, with the possibility of a discretionary grant of parole. The new regulations, which may increase the periods between parole hearings, and do not give Hunt a projected release date, do nothing to increase the punishment to which Hunt was originally sentenced.

Accordingly, the dismissal of this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.