**Kenneth SAUNDERS, Jr.,
Plaintiff-Appellant,**

v.

**Jesse J. WILLIAMS, et al.,
Defendants–Appellees.**

No. 03–3239.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2003.

Kenneth Saunders, Jr., Piqua, OH, for Plaintiff-Appellant.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.*

*ORDER*

Kenneth Saunders, Jr., an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 20, 2002, Saunders filed a complaint against the following officials employed by the Ohio Department of Rehabilitation and Correction ("ODRC"): Allen Correctional Institution ("ACI") Warden Jesse J. Williams, Retired Ohio Parole Board Chairperson Margarette T. Ghee, Director of Sex Offender Services David Berenson, Ohio Parole Board Chief Hearing Officer Walter A. Hoff, Medical Services Administrator Elenor M. Kalfs, Chief of Psychology Programs Dr. J. Lamar Johnson, ACI Deputy Warden Jodie Factor, ACI Americans with Disabilities Coordinator Brooke Featheringham, and ACI Mental Health Services Director James R. Davis. Saunders also named Ohio Attor-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

ney General Betty Montgomery as a defendant.

Relying upon the due process and equal protection clauses of the Fourteenth Amendment, Saunders alleged that he has been denied "access" to the ODRC's sex offender treatment program. Saunders alleged that the defendant parole board members told him that he would not be eligible for parole until he successfully completed the sex offender treatment program. Saunders alleged that he has sought placement into a sex offender treatment program as well as transfer to another facility where such program would be available, but the defendants refused to provide him the requested assistance. According to Saunders, the defendants' "acts and omissions" have "directly and proximately resulted in the Plaintiff being denied parole." Saunders sought declaratory, injunctive, equitable, and monetary relief.

The district court summarily dismissed Saunders's complaint for failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915A. Saunders appeals.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A. *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Saunders's complaint because it failed to state a claim upon which relief may be granted. Prisoners have "no constitutional or inherent right" to parole or a parole hearing. *Greenholtz v. Inmates of Neb. Penal &* *Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The mere presence of a parole system and the possibility of parole simply do not create a liberty interest in parole release. *Bd. of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz,* 442 U.S. at 11, 99 S.Ct. 2100. Furthermore, the state of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system. Ohio Rev.Code Ann. § 2967.03; *Jago v. Van Curen,* 454 U.S. 14, 20–21, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981); *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 235–37 (6th Cir.1991). Since Saunders has neither a constitutional or inherent right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a § 1983 claim based upon the alleged denial of placement in a sex offender treatment program for parole eligibility purposes. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.