NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0852n.06
Filed: November 21, 2006

No. 05-4269

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL SWIHART, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| DIRECTOR REGINALD | ) | STATES DISTRICT COURT FOR THE |
| WILKINSON, *et. al.*, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

Before: CLAY and SUTTON, Circuit Judges; and SHARP, District Judge.[*]

SHARP, District Judge. Michael Swihart, an Ohio prisoner proceeding *pro se*, appeals the

judgment of the district court dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983.

This Court is well-aware of its obligations regarding *pro se* prisoner litigants under *Haines v. Kerner*,

404 U.S. 519, (1972). S*ee also McNeil v. U.S.*, 508 U.S. 106 (1993). Because Swihart failed to state

a claim upon which relief could be granted, we affirm.

I.

In 1978, Michael Swihart ("Swihart") was convicted of two counts of murder and one

count of aggravated murder. He was originally sentenced to death, but his sentence was modified

to life imprisonment, with the possibility of parole. At the time he was sentenced, Ohio law

---

[*]The Honorable Allen Sharp, United States District Judge for the Northern District of
Indiana, sitting by designation.

provided that he would be eligible for parole after serving fifteen years. In 1992, fifteen years after conviction, Swihart has his first parole hearing. The Ohio Adult Parole Authority ("OAPA") determined that Swihart was unsuitable for parole and scheduled his next eligibility hearing for 2002.

In 1998, the Ohio legislature implemented new parole guidelines. Specifically, the legislature determined that a prisoner with Swihart's characteristics who committed the types of crime he was convicted of should serve 300 months, or 25 years, before being considered for parole. In 2002, at Swihart's next parole hearing, the OAPA, noting the new guidelines, determined that Swihart was unsuitable for parole at that time, and scheduled his next hearing for 2007.

In 2004, Swihart filed the instant complaint pursuant to 42 U.S.C. § 1983 (App. Vol. I, pp. 5a-41a). In his complaint, Swihart asserted that the denial of parole eligibility amounted to a violation of his constitutional rights in that his parole hearings were meaningless. Rather, Swihart asserted that the OAPA has expressed its intention never to grant him parole due to the fact he was originally sentenced to death. He argued that such a blanket denial violated the Privileges and Immunities Clause, the Eight Amendment's prohibition of cruel and unusual punishment, and due process. In addition, Swihart alleged that amendments to both the parole guidelines and an administrative regulation authorizing prisoner furloughs were applied to his sentence in violation of the Ex Post Facto Clause. He sought declaratory and injunctive relief, as well as monetary damages. In response, the defendants filed a motion to dismiss, alleging that Swihart failed to state a claim upon which relief could be granted. Swihart filed a motion in opposition.

After consideration, a magistrate judge recommended that the defendants' motion to dismiss be granted (App. Vol. II, pp. 110a-20a). In particular, the magistrate judge concluded that the parole board had been within its discretion in denying Swihart parole at his prior hearings (App. Vol. II, pp. 114a-16a). Further, the magistrate judge determined that there were no facts to support a violation of due process (App. Vol. II, p. 115a), the Ex Post Facto Clause (App. Vol. II, p. 118a), or the Privileges and Immunities Clause (App. Vol. II, p. 118a). The magistrate judge also concluded that the parole board members were immune from suit for monetary damages for actions taken with respect to denying parole (App. Vol. II, pp. 118a-19a). Over Swihart's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint (Att. 2). Swihart now appeals.

II.

This Court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim. *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Brooks v. Am. Broad.*, 932 F.2d 496 (6th Cir. 1991). The Court must accept as true all of the well-pleaded allegations of the complaint, construing those allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203. Despite the instruction to construe the complaint liberally in plaintiff's favor, a complaint must contain "either direct or inferential allegations respecting all the material elements" and those allegations must amount to more than "bare assertions of legal conclusions." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citation omitted). Ultimately, because a Rule 12(b)(6) motion tests the sufficiency of the complaint, the Court's review amounts to a determination of whether it is possible for the plaintiff to prove any set of facts in support of his claims that would entitle him or her to relief. *See Miller v. Currie*, 50 F.3d

-3-

373, 377 (6th Cir. 1995).

The district court properly concluded that Swihart's complaint failed to state a claim upon which relief could be granted. Although Swihart's due process challenge to the procedures used by the parole board is cognizable under § 1983 pursuant to *Wilkinson v. Dotson*, 544 U.S. 74 (2005), Swihart failed to state a violation of due process. A plaintiff bringing a § 1983 action for procedural due process must show that the state deprived him or her of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)(*citing Parratt v. Taylor*, 451 U.S. 527, 537 (1981)). A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). However, this Court has repeatedly noted that "there is no constitutional or inherent right of a convicted person to be conditionally released [e.g., paroled] before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The Constitution of the United States does not require a state to provide a parole system. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). More importantly, the state of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system. *See Saunders v. Williams*, 89 F. App'x 923, 924 (6th Cir. 2003); Ohio Revised Code § 2967.03; *Jago v. Van Curen*, 454 U.S. 14, 20-21 (1981); *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235-37 (6th Cir. 1991).

Swihart argues that the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), requires his claim be analyzed under a different standard and that the "nature of the

deprivation" must be considered. However, Swihart's due process claim also fails if analyzed under *Sandin*. In *Sandin*, the Supreme Court mandated that a state creates a liberty interest in avoiding certain prison conditions only where those conditions are an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. However, *Sandin* was decided only in the context of prison conditions, not parole eligibility. This Court has never held that an inmate's eligibility for parole at a certain time, under a discretionary parole system, is an "atypical and significant hardship." Swihart's eligibility or non-eligibility for parole does not affect the manner in which he is confined and, thus, no liberty interest is implicated.

Swihart's contention that his parole hearing was not "meaningful" also fails to state a due process violation. Due process in parole proceedings is satisfied as long as the procedure used affords the inmate an opportunity to be heard, and, if parole is denied, the parole board informs the inmate of the basis upon which it denied parole. *See Greenholtz*, 442 U.S. at 16. Here, the record reveals that in 2002, after a hearing where Swihart was heard, the parole board denied parole based on "the offender's offense behavior involving the death of his mother, father, and two brothers, and in deference to the court's sentence of death which was later commuted to life." (App. Vol. I, p. 29a). Accordingly, Swihart failed to state a claim with regard to this issue, as he cannot prove any set of facts which would support a due process violation.

Nor did Swihart state a claim upon which relief could be granted with regard to his claim that the parole board's application of the 1998 parole guidelines violated the Ex Post Facto Clause.[1] The Supreme Court has held that an ex post facto violation may be established with regard to parole regulations where the prisoner demonstrates a significant risk of increased

---

[1]*See* U.S. CONST. art. I, § 9, cl. 3 and U.S. CONST. art. I, § 10, cl. 1

punishment for his crime beyond that prescribed when he committed it. *Garner v. Jones*, 529

U.S. 244, 251 (2000). In his complaint, Swihart argues that the parole board changed his

eligibility for parole from 15 years to 300 months (25 years) in compliance with the guidelines.

However, this Court has previously recognized that the Ohio parole guidelines which postpone

parole are guidelines only, not laws, and are, therefore, not subject to the Ex Post Facto Clause.

*Conley v. Ghee*, 23 F. App'x 506, 507 (6th Cir. 2001). This Court has also previously held that

amended parole regulations that did nothing to increase a prisoner's previously imposed life

sentence did not violate the Ex Post Facto Clause. *See Hunt v. Wilkinson*, 79 F. App'x 861, 862

(6th Cir. 2003) (unpublished case). Here, the changes to the Ohio parole guidelines did not

increase Swihart's life sentence. Therefore, the Ex Post Facto Clause is not implicated. Further,

the findings of the parole board indicate, as noted above, that the parole board continued

Swihart's parole based not on the guideline range, but on his offense behavior, which is within its

discretion (App. Vol. I, p. 29a).

Nor did Swihart state a claim of a violation of the Ex Post Facto Clause regarding an

Ohio administrative regulation governing prisoner furloughs. As the magistrate judge noted, the

current version of the administrative code section mirrored the earlier version, in effect at the

time Swihart was convicted. Accordingly, the district court properly dismissed this claim.

Swihart also failed to state a claim with regard to his claims that his parole hearings

violated the Privileges and Immunities Clause[2] and the Eighth Amendment. In his complaint,

Swihart asserted only that the defendants "with ill-willful [sic] wanton desire and design, with

---

[2]See U.S. CONST. art. IV, § 2, cl. 1 and U.S. CONST. amend. XIV, § 1. For an early and important treatment of both clauses see the opinion of Justice Miller in the *Slaughter-House Cases*, 83 U.S. 36 (1873).

full knowledge and causation, have violated plaintiff's clearly established Federal Constitutional Rights" under the Privileges and Immunities Clause and "to be free from the infliction of Cruel and Unusual Punishment." (App. Vol. I, pp. 9a-10a). Swihart, though, offered no facts in support of these claims. "Bald assertions regarding a general deprivation of civil rights are insufficient to withstand a motion to dismiss." *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999). Accordingly, the district court's dismissal of these claims was not improper.

Due to the propriety of the district court's dismissal of Swihart's complaint for failure to state a claim, it is unnecessary to analyze the defendants' immunity or whether Swihart could recover money damages from the defendants, who were sued in their official and personal capacities.

III.

For these reasons, we affirm.